## STATE v JACKSON

Ohio Appeals, 2nd Dist, Clark Co

No 373    Decided Aug 10, 1937

Abe Gardner, Prosecutor, Springfield, for plaintiff-appellee.

Robert Morean, Springfield, for defendant-appellant.

## OPINION

By THE COURT

This cause is in this court upon appeal from the Municipal Court of the City of Springfield, Ohio.

Appellant has filed a petition in error,

setting out five separate claims of error as prejudicial to the appellant below.

On September 16, 1936, an affidavit was filed in Municipal Court, alleging that on the 15th day of September, 1936, Costello Jackson did keep or possess for sale intoxicating liquor, without having complied with the provisions of the Liquor Control Act, as provided by §6064-54 GC. On the same day another affidavit was filed against the same defendant, alleging that he did transport "into" the State liquor, contrary to §6064-55 GC.

It might be said, in passing, that §6064-54 GC includes at least three different offenses, and that the affidavit might have been subject to preliminary motions.

Sec 6064-55 GC makes it an offense under certain conditions and with certain exceptions to transport intoxicating liquor "in" the State of Ohio.

The transcript in this case relates to proceedings had in case No. 32269, involving violation of §6064-54 GC. It is disclosed that the affidavit was filed on September 16, 1936, and that the defendant was arraigned on September 22, 1936, and plead "not guilty." Thereafter, on September 26th, the plea of "not guilty" was withdrawn and plea in bar entered.

This matter came on for hearing on October 30th, when the plea in bar was overruled, and the cause was continued for hearing on its merits until November 23rd. The transcript recites that it was heard on the testimony of certain witnesses who are named, among them—W. A. Reese, J. P., Donnelsville, Ohio, and the defendant, Costello Jackson. This statement does not seem to be in accord with the bill of exceptions, as that does not disclose that either of these named witnesses testified upon the trial.

The defendant was found "guilty."

The docket shows that on November 20th, the plea in bar was overruled, whereas the former statement of the transcript indicates that it was overruled on October 30th. It is further recited that on the 28th day of November, the court found the defendant "guilty," and assessed a fine of $600.00, and committed him to the workhouse for a period of six months.

A motion for new trial was filed and overruled. Thereupon, a motion for arrest of judgment and stay of execution was filed which motion was overruled on the 30th day of November, to which action of the court "the defendant reserved exception and hereby gives notice of appeal in error."

We need not consider whether this notice of appeal from the judgment overruling a motion for an arrest of judgment and stay of execution is sufficient to bring this case into this court on appeal, on matters of law touching the whole proceeding.

The bill of exceptions discloses that the defendant withdrew his plea of "not guilty" and interposed his plea in bar.

On the hearing in this matter certain evidence was produced as to two affidavits filed before a Justice of the Peace, in which the defendant was charged with the same offense to which he pleaded "guilty."

As to the evidence touching the plea in bar, we shall only say that it raises the serious doubt as to whether or not the proceeding before the Justice of the Peace was a bona fide proceeding by the proper authorities or, as a matter of fact, a device resorted to by the defendant in order to escape a harsher punishment which he anticipated if the case were tried before the Judge of the Municipal Court.

The first affidavit filed before the Justice of the Peace, sworn to by the sheriff, was prepared by counsel for defendant. A question is raised as to the date of this filing. On its face figures appear which are claimed by the State to have been altered so as to indicate that the affidavit was filed on September 15th, rather than on September 18th, the date appearing upon the back of the affidavit.

There is also the question raised as to the second affidavit, it being claimed by the State that it was not filed on September 18th, but upon September 22nd, and that the figures on the face of the affidavit have been altered. The file mark on the back of this affidavit indicates that it was filed on the 22nd, which was the day on which the warrant was issued.

It is sufficient for us to say that these matters were all presented to the trial judge, and we do not feel that the judgment overruling the plea in bar was erroneous.

After the court had disposed of the question of the plea in bar, the cause came on for hearing on the merits. Several officers, including the sheriff, testified, but none of them was able to identify the defendant as an occupant of the car in which the liquor was being transported.

Reference was made by witnesses to knowledge they had secured from other sources, as to the identity of the defendant. However, evidence was introduced that the defendant was the person who appeared and plead "guilty" to the charges filed against him, for the same offense before the Justice of the Peace.

It is claimed by counsel for defendant that such evidence was incompetent, in that it resulted in compelling the defendant to give evidence against himself.

However, we are of the view that it was proper to introduce evidence as to the plea of "guilty" made by the defendant before the Justice of the Peace. This was an admission against his own interest and was proper evidence, which would support the judgment of the court finding him "guilty," as charged.

We find no prejudicial error in this case, and the appeal is dismissed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.